GUIDRY, Judge.
MOTION TO DISMISS
Defendants-appellees, Edward J. Cop and Wade B. Randolph, Jr., move to dismiss the appeal of defendant-appellant, Trinity Universal Insurance Company of Kansas, Inc. (hereafter Trinity), on the ground that the appeal was taken untimely.
Plaintiff, James H. Boyer, filed suit against Trinity seeking recovery under an insurance policy issued to Boyer by appellant covering a certain 1982 BMW 7451 automobile. Boyer had purchased this vehicle from Randolph who, in turn, had purchased the car from Cop. Boyer later amended his petition to assert an action against Randolph and Cop.
A third party demand was filed by Trinity against Randolph. Also, Randolph filed a third party demand against Cop. A trial on the merits as to all claims was held on October 8, 1987.
A final, written judgment was signed by the trial court on September 12, 1988. Judgment was rendered in favor of Boyer against Trinity. All other claims in the suit were denied. Notice of this judgment was sent on September 16, 1988. Trinity was granted an appeal from this judgment on October 21, 1988.
Cop and Randolph filed the instant Motion to Dismiss Appeal on March 31, 1989. Appellees contend in the motion to dismiss that appellant’s appeal was untimely. This contention is the result of appellant’s assertion that Trinity seeks to assert Boyer’s right of appeal against Cop and Randolph through subrogation and assignment. Thus, Cop and Randolph claim that, since Boyer let the delays for appealing run prior to the subrogation and assignment, Trinity could not have acquired any right to appeal Boyer’s adverse judgments as to appellees.
We find no merit to this contention. The appeal by Trinity speaks for itself. Trinity did not file a third party demand against Cop but did file a third party demand against Randolph. Thus, Trinity’s appeal has no effect vis-a-vis Cop. Trinity filed an answer to the motion to dismiss and makes the following admissions in this answer:
... It is of course correct that Trinity did not file a Third Party Demand against Cop, so that Trinity’s position for purposes of this appeal will be limited to its *461 Third Party Demand against Randolph ... Nevertheless, Trinity is comfortable pursuing its remedies against Randolph at the present time.
Appellant’s admission that it only appeals the judgments rendered in favor of Boyer and Randolph obviates any further discussion as its appeal as to these parties is timely. La.Code Civ.Proc. Arts. 1974 and 2123. Appellees’ motion to dismiss is hereby denied.
MOTION DENIED.